## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

CARA MARTIN and JACOB KENNEDY, )
Individually and as Next Friends of )
R.K., a minor child, )
       )
                   Plaintiffs, )
       )
v. )       Case No. 15-CV-487-CVE-TLW
       )
UNITED STATES OF AMERICA ex rel. )
DEPARTMENT OF HEALTH AND )
HUMAN SERVICES, INDIAN HEALTH )
SERVICE d/b/a CHEROKEE NATION )
W.W. HASTINGS INDIAN HOSPITAL, )
       )
                   Defendants. )

## OPINION AND ORDER

Now before the Court are Defendant United States of America's Motion to Dismiss (Dkt. # 11) and Defendant United States of America's Motion to Dismiss Certain Claims and Losses for Failure to Exhaust Claims (Dkt. # 13). Defendant United States of America ex rel. Department of Health and Human Services argues that plaintiffs failed to exhaust their administrative remedies as to certain theories of liability alleged in the complaint and that plaintiffs have failed to attach an affidavit of merit to their complaint showing that they have consulted with a qualified expert before filing this case.

**I.**

On September 30, 2013, Cara Martin was admitted to the labor and delivery unit of the Cherokee Nation W.W. Hastings Hospital (the Hospital), and Dr. Lana Myers was caring for Martin. Plaintiffs allege that Dr. Myers failed to "timely note that R.K's heart rate had become severely bradycardic and appropriately intervene." Dkt. # 2, at 2. Based on the allegations of the complaint,

it appears that Dr. Myers did discover this problem and consulted with Dr. Martin Jacob, and plaintiffs allege that the two physicians "belatedly came to the obvious conclusion that it was medically necessary to deliver R.K. immediately by C-section." Id.  During the delivery of R.K., Dr. Myers accidentally resected the skin on R.K.'s head and exposed half of his skull.  R.K. was flown by helicopter to Saint Francis Hospital (Saint Francis) in Tulsa, Oklahoma, and Dr. Edward Ford performed a procedure to repair the damage to R.K.'s skull.  R.K. stayed at Saint Francis for about a week until he was discharged to go home with his parents.

Martin and R.K.'s father, Jacob Kennedy, filed separate notices of tort claims against the federal government, and they demanded $10 million in damages.  Dkt. # 13-1; Dkt. # 13-2.  Martin and Kennedy allege that Dr. Myers and Dr. Jacob decided to proceed with a Cesarian section after noticing "some complications with the heart rate of the baby" and that during the procedure Dr. Myers cut R.K.'s head with a scalpel.  Dkt. # 13-1, at 8.  They allege that R.K. will be permanently disfigured and suffer from unknown neurological complications.  Dr. Ford performed surgery to repair the laceration at Saint Francis, and further surgery may be necessary to minimize any disfigurement.  Martin and Kennedy alleged that the Hospital was grossly negligent in its care of R.K. and they sought damages for medical expenses, pain and suffering, and permanent disfigurement of R.K.

On August 24, 2015, Martin and Kennedy filed this case alleging claims of negligence (count one) and loss of consortium (count two).  Plaintiffs claim that the Hospital was negligent per se in failing to notice a serious heart complication in a timely manner and for the trauma caused to R.K. during his delivery.  Dkt. # 2, at 3.  They seek damages in excess of $75,000.  Plaintiffs allege that

they complied with the administrative requirements of the Federal Tort Claims Act, 28 U.S.C.§

2675(a) (FTCA) before filing the complaint.  Id. at 1-2.

## II.

The exhaustion of administrative remedies is a jurisdictional prerequisite under the FTCA,

and defendant's motion is treated a motion to dismiss for lack of subject matter jurisdiction under

Fed. R. Civ. P. 12(b)(1).  See Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th

Cir. 2005); Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir. 1997).   When considering a

motion to dismiss under Rule 12(b)(1), the Court must determine whether the defendant is facially

attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff.  In Holt v.

United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction
> take two forms.  First, a facial attack on the complaint's allegations as to subject
> matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial
> attack on the complaint, a district court must accept the allegations in the complaint
> as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge
> the facts upon which subject matter jurisdiction depends.  When reviewing a factual
> attack on subject matter jurisdiction, a district court may not presume the truthfulness
> of the complaint's factual allegations. . . .  In such instances, a court's reference to
> evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03.  Defendant relies on evidence outside the pleadings, specifically plaintiffs' notices

of tort claims, and the Court will construe the motion as a factual attack on the jurisdictional facts

alleged by plaintiffs.  In ruling on a factual attack on subject matter jurisdiction, a court "has wide

discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed

jurisdictional facts" without converting the motion into a motion for summary judgment.  Stuart v.

Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt, 46 F.3d at 1003);

see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (district court had authority to review evidence outside the pleadings on issue of exhaustion of administrative remedies without converting defendant's motion to dismiss into a motion for summary judgment).

### III.

### A.

Defendant argues that plaintiffs failed to exhaust their administrative remedies as to their theory of liability that Dr. Myers was negligent in failing to promptly diagnose the problem with R.K.'s heart rate, because there were no allegations in the notices of tort claims suggesting that plaintiffs would seek to hold defendant liable on this basis. Dkt. # 13, at 5. Defendant also argues that plaintiffs failed to exhaust their administrative remedies as to the loss of consortium claim. Id. at 6. Plaintiffs respond that the notices of tort claims provided sufficient notice of the factual basis for their claims, and they argue that they are not required to allege legal theories of recovery in a notice of tort claim. Dkt. # 18, at 6-9.

"The [FTCA], enacted in 1946, provides that the United States shall be liable, to the same extent as a private party, 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Kosak v. United States, 465 U.S. 848, 851-52 (1984). The FTCA allows a federal district court to hear tort claims against the United States if a party complies with the notice requirements of the statute. Bradley v. United States ex rel. Veterans Administration, 951 F.2d 268, 270 (10th Cir. 1991). A notice of tort claim must contain "(1) a written statement describing the injury in sufficient detail to allow the agency to begin an investigation into the possibility of potentially tortious conduct, and (2) a request for a sum certain in damages." Lopez

v. United States, ___ F.3d ___, 2016 WL 2957156, *6 (10th Cir. May 23, 2016).  The notice

requirements are jurisdictional and must be complied with in order to bring a tort claim against the

United States.  In re Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).  The Tenth

Circuit has held that the notice requirements "should not be interpreted inflexibly," and a notice of

tort claim will be sufficient if it provides notice of "the facts and circumstances underlying a claim

rather than the exact grounds upon which the plaintiff seeks to hold the government liable."  Estate

of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 853 (10th Cir. 2005).

The Court has reviewed the notices of tort claims received by defendant and finds that the

notices provided sufficient detail to allow defendant to investigate the claims asserted in plaintiffs'

complaint.  The notices specifically mention that R.K. was having complications related to his heart

rate and that Dr. Myers called Dr. Jacobs to consult about the complications.  Defendant argues that

the notices fail to specifically allege that Dr. Myers was negligent in failing to timely diagnose this

complication.  However, plaintiffs were not required to spell out each theory of liability in the

notices of tort claims, and it is reasonable to assume that defendant would have investigated when

Dr. Myers actually or should have learned of R.K.'s heart complication based on the facts contained

in the notices of tort claims.  Defendant also argues that plaintiffs failed to disclose in the notices

of tort claims that they were seeking to recover for loss of consortium.  The notices identified $5,821

in medical bills owed to Saint Frances, but the notices also allege that R.K. is seeking damages for

pain and suffering and permanent disfigurement in amount not to exceed $10,000,000.  Defendant

has not argued that this amount is facially excessive or somehow fails to qualify as a "sum certain"

for the purpose of notice of tort claim.[1]  The notices of tort claim do not specifically mention damages sought by R.K's parents for their alleged loss of consortium, but such damages are derivative of the damages sought on behalf of R.K. and defendant could have reasonably foreseen that it could be liable for loss of consortium based on the facts alleged in the notices of tort claims filed by plaintiffs.

**B.**

Defendant argues that plaintiffs have not complied with a requirement under Oklahoma law to consult with a qualified medical expert and attach an affidavit of merit stating that they have good cause to believe that they have meritorious claims against defendant.  Plaintiffs responds that expert testimony is unnecessary in this case because they have alleged that defendant was negligent under the doctrine of res ipsa loquitor and they were not required to attach an affidavit of merit to the complaint.

The source of the substantive law governing plaintiffs' tort claim is the "law of the place where the act or omission occurred," and the parties' do not dispute that Oklahoma law applies to plaintiffs' tort claims.  28 U.S.C. § 1346(b)(1); Levin v. United States, 133 S. Ct. 1224 (2013). Under OKLA. STAT. tit. 12, § 19.1, a plaintiff in a negligence action where expert testimony will be required shall attach to the complaint an affidavit stating that:

---

[1]      Defendant argues that plaintiffs fail to respond to its argument that the notices of tort claims fail to specifically allege that plaintiffs were seeking damages for loss of consortium, and it claims that plaintiffs have conceded this issue.  Dkt. # 19, at 3.  The Court disagrees and finds that this issue was not conceded, although plaintiffs' response to the motion to dismiss does focus on the alleged failure of the notices of tort claims to disclose that plaintiffs are seeking to hold defendant liable for Dr. Myers' negligence in failing to timely diagnose R.K.'s heart complication.

a.      the plaintiff has consulted and reviewed the facts of the claim with a qualified
        expert,

b.      the plaintiff has obtained a written opinion from a qualified expert that
        clearly identifies the plaintiff and includes the determination of the expert
        that, based upon a review of the available material including, but not limited
        to, applicable records, facts or other relevant material, a reasonable
        interpretation of the facts supports a finding that the acts or omissions of the
        defendant against whom the action is brought constituted negligence, and

c.      on the basis of the review and consultation of the qualified expert, the
        plaintiff has concluded that the claim is meritorious and based on good cause.

If a plaintiff fails to attach an affidavit to the complaint, a court may dismiss the case without

prejudice to refiling or grant the plaintiff an extension of time to file an affidavit in compliance with

§ 19.1.  Federal district courts in Oklahoma have required plaintiffs to comply with the requirement

to file an affidavit under § 19.1.  See Horan v. Detello, 2015 WL 4132908 (N.D. Okla. July 8, 2015);

Norman v. United States ex rel. Veteran's Admin. Med. Ctr., 2013 WL 425032 (W.D. Okla. Feb.

4, 2013).

        The Court finds that plaintiffs were required to attach an affidavit of merit to the complaint,

and they are not exempt from this requirement merely because they included allegations of res ipsa

loquitor.  It is clear from the complaint and plaintiffs' response (Dkt. # 18) to defendant's motion

to dismiss that they intend to allege an ordinary negligence claim that includes allegations of res ipsa

loquitor.  Plaintiffs vehemently argue that they exhausted their administrative remedies as to their

claim that Dr. Myers should have discovered R.K.'s heart complication sooner, and plaintiffs will

need expert testimony to show that Dr. Myers breached the relevant standard of care if they intend

to proceed under this theory.  Unlike plaintiffs' allegations concerning the injury to R.K.'s scalp,

there is no basis for the Court to view the allegations concerning Dr. Myers' failure to timely

diagnose R.K.'s heart complication as actionable under a res ipsa loquitor theory, and plaintiffs will

be required to introduce expert testimony to prevail under such a theory.  Plaintiffs are cautioned that the Court is not making a definitive ruling as to whether they will be permitted to proceed without an expert on their res ipsa loquitor allegations, because Oklahoma law is "well settled that in all but the most extraordinary medical malpractice case [ ] the plaintiff has the burden of producing expert testimony to support a prima facie case of negligence."  Roberson v. Jeffrey M. Waltner, M.D., Inc., 108 P.3d 567 (Okla. Civ. App. 2005).  The Oklahoma Supreme Court has stated that "the nature of a *res ipsa loquitor* claim often negates the necessity of expert testimony to prove the cause," but plaintiffs overstate Oklahoma law to the extent that they suggest that they will automatically be exempt from the requirement to present expert testimony based only on their allegations of res ipsa loquitor.  Zeier v. Zimmer, Inc., 152 P.3d 861, 868 (Okla. 2006).  Under the circumstances, the Court finds that plaintiffs will have to provide an affidavit of merit, at least as to their allegations as Dr. Myers' failure to timely diagnose R.K.'s heart complication, and it is preferable to require plaintiffs to submit an affidavit of merit concerning each theory of negligence alleged in the complaint in the event that they are later required to obtain expert testimony in support of their claims.  The Court will grant plaintiffs an extension of time to consult a qualified expert and obtain a written opinion, and the case will be dismissed without prejudice if plaintiffs fails to file an affidavit of merit in support of their negligence claims.

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion to Dismiss Certain Claims and Losses for Failure to Exhaust Claims (Dkt. # 13) is **denied**.

**IT IS FURTHER ORDERED** that Defendant United States of America's Motion to Dismiss (Dkt. # 11) is **granted** insofar as plainitffs must file an affidavit of merit in support of their

8

negligence claims no later than **July 25, 2016**, and the failure to file an affidavit of merit will result in the dismissal of plaintiffs' claims without prejudice to refiling.

**DATED** this 24th day of June, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

9